# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-1783V
### UNPUBLISHED

| | |
|---|---|
| LAURA COSDEN,<br><br>    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>    Respondent. | Chief Special Master Corcoran<br><br>Filed: February 9, 2023<br><br>Special Processing Unit (SPU); Decision Awarding Damages; Pain and Suffering; Tetanus Diphtheria acellular Pertussis (Tdap); Shoulder Injury Related to Vaccine Injury (SIRVA) |

*Bridget McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Meghan Murphy*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On December 7, 2020, Laura Cosden filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of a tetanus, diphtheria, and acellular pertussis ("Tdap") vaccine administered on March 27, 2020. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters (the "SPU"). Although the parties agreed Petitioner should receive compensation for her injury, they could not resolve the damages to be awarded, so the matter was submitted for an SPU Motions Day hearing.

---

[1] Although this Decision has been deemed unpublished, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

For the reasons discussed below, and after hearing argument from the parties, I find that Petitioner is entitled to compensation in the amount of $111,703.10, representing $110,000.00 for actual pain and suffering, plus $1,703.10 in unreimbursable expenses.

## I.   Relevant Procedural History

Approximately 15 months after this case was initiated, Respondent filed his Rule 4(c) Report on March 9, 2022, conceding that Petitioner was entitled to compensation. ECF No. 29. A ruling on entitlement was subsequently issued on March 14, 2022. ECF No. 31.

On March 30, 2022, Petitioner filed a status report indicating that the parties came to an impasse in their damages discussions. ECF No. 33. Petitioner filed her brief in support of damages on July 13, 2022. Petitioner's Brief in Support of Damages ("Br."), ECF No. 37. Respondent file a reply on September 2, 2022. Respondent's Brief on Damages ("Opp."), ECF No. 39. I proposed that the parties be given the opportunity to argue their positions at a "Motions Day" hearing, at which time I would decide the disputed issues. ECF. No. 41. That hearing was held on December 2, 2022,[3] and the case is now ripe for decision.

## II.   Relevant Medical History

A complete recitation of the facts can be found in the Petition, the parties' respective pre-hearing briefs, and in Respondent's Rule 4(c) Report.

Petitioner received a Tdap vaccine in her right shoulder on March 17, 2020. Ex. 1 at 33. She first reported shoulder pain during an urgent care visit on April 10, 2020, rating it as "8/10" at that time. *Id.* at 8.

Petitioner saw Dr. John Sefter at WellSpan Orthopedics for right shoulder pain and weakness on April 27, 2020. Ex. 2 at 126. At the time she rated her pain as moderate (4/10). *Id.* at 131. She showed decreased and painful range of motion upon exam, and was assessed with tendinitis. A Medrol dosepak and physical therapy was the course of treatment.

On April 29, 2020, Petitioner began physical therapy. Ex. 10 at 94. She rated her pain as five out of ten at that time and showed signs of impingement. Between April 29,

---

[3] At the end of the hearing held on December 3, 2022, I issued an oral ruling from the bench on damages in this case. That ruling is set forth fully in the transcript from the hearing, which is yet to be filed with the case's docket. The transcript from the hearing is, however, fully incorporated into this Decision.

2020 and May 27, 2020, Petitioner attended four physical therapy sessions. *Id.* at 74, 80, 84, 94. She rated her pain from moderate to severe during this period. See *id.* at 72 (record from May 12, 2020 rating her pain as five out of ten); 84 (record from May 6, 2020 rating her pain as two-three out of ten).

On May 19, 2020, Petitioner returned to WellSpan orthopedics for continued shoulder pain that was not improving with physical therapy. Ex. 2 at 106. At that time, she rated her pain as severe (seven out of ten). *Id.* at 110. An MRI on May 26, 2020 showed a bone marrow edema, mild tendinosis and tendinopathy with a partial tear of the supraspinatus, mild bursitis, and impingement. Ex. 14 at 56-59.

Petitioner was again seen at WellSpan Orthopedics on June 16, 2020 for continued shoulder pain that she felt was worsening. Ex. 2 at 79. She reported her pain as seven out of ten and exhibited signs of impingement and tenderness along her bicep. *Id.* at 83.

Petitioner underwent arthroscopic surgery on August 3, 2020. Ex. 6 at 234. The procedures consisted of a right supraspinatus repair and manual debridement. *Id.* 234-35.

Petitioner attended twenty-four post-operative physical therapy sessions between August 25, 2020, and January 5, 2021. Ex. 10 at 49, Ex. 13 at 7-17. Initially, she complained of moderate pain, rating it as five out of ten on August 25, 2020. Ex. 10 at 49. However, she improved thereafter noting minimal or no pain as early as October 23, 2020. Ex. 13 at 117 (record from October 23, 2020, rating her pain as two out of ten); 104 (record from December 4, 2020 reporting no pain in her shoulder at that time). She was 90% better by January 5, 2021 (*id.* at 42) and discharged from post-operative physical therapy on January 19, 2021 (*id.* at 7-20).

Petitioner was last seen for post-surgical follow-up on April 27, 2021. She indicated that she continued to have some "achy" days but was doing much better than before surgery with good range of motion and strength. Ex. 14 at 15-16.

### III.     Damages

The parties have briefed damages in this case, which is limited to pain and suffering. Petitioner requests an award of $125,000.00 for actual pain and suffering and $1,703.10 for unreimbursed out-of-pocket expenses. Br. at 1. Respondent argues that an award of $85,000.00 for past pain and suffering is reasonable in this case. Opp. at 1.

Respondent does not dispute the requested amount for unreimbursed out-of-pocket expenses, and I therefore will grant that sum in its entirety. Br. at 1.

### A. Legal Standards for Damages Awards

In several recent decisions, I have discussed at length the legal standard to be considered in determining damages and prior SIRVA compensation within the SPU. I fully adopt and hereby incorporate my prior discussion in Sections III and IV of *Leslie v. Sec'y Health & Hum. Servs.*, No. 18-0039V, 2021 WL 837139 (Fed. Cl. Spec. Mstr. Jan. 28, 2021) and *Johnson v. Sec'y of Health & Hum. Servs.,* No. 18-1486V, 2021 WL 836891 (Fed. Cl. Spec. Mstr. Jan. 25, 2021), as well as Sections II and III of *Tjaden v. Sec'y of Health & Hum. Servs.,* No. 19-419V, 2021 WL 837953 (Fed. Cl. Spec. Mstr. Jan. 25, 2021).

In sum, compensation awarded pursuant to the Vaccine Act shall include "[f]or actual and projected pain and suffering and emotional distress from the vaccine-related injury, an award not to exceed $250,000." Section 15(a)(4). The petitioner bears the burden of proof with respect to each element of compensation requested. *Brewer v. Sec'y of Health & Hum. Servs.*, No. 93-0092V, 1996 WL 147722, at *22-23 (Fed. Cl. Spec. Mstr. Mar. 18, 1996). Factors to be considered when determining an award for pain and suffering include: 1) awareness of the injury; 2) severity of the injury; and 3) duration of the suffering.[4]

### B. Appropriate Compensation for Pain and Suffering

Awareness of the injury is not disputed, leaving only the severity and duration of that injury to be considered. In determining appropriate compensation for pain and suffering, I have carefully reviewed and taken into account the complete record in this case, including all medical records, declarations, plus all filings submitted by both Petitioner and Respondent and their arguments made during Motions Day. I have also considered prior awards for pain and suffering in both SPU and non-SPU SIRVA cases and relied upon my experience adjudicating these cases. However, my determination is ultimately based upon the specific circumstances of this case.

---

[4] *I.D. v. Sec'y of Health & Hum. Servs.*, No. 04-1593V, 2013 WL 2448125, at *9 (Fed. Cl. Spec. Mstr. May 14, 2013) (quoting *McAllister v. Sec'y of Health & Hum. Servs.,* No 91-1037V, 1993 WL 777030, at *3 (Fed. Cl. Spec. Mstr. Mar. 26, 1993), *vacated and remanded on other grounds*, 70 F.3d 1240 (Fed. Cir. 1995)).

Citing six prior damages decisions awarding $125,000.00 for pain and suffering, Petitioner requests an award of $125,00.00.[5] Petitioner argues that she suffered a moderate to severe SIRVA that required surgical intervention and treatment over a period of thirteen months that included numerous physical therapy sessions and ultimately arthroscopic surgery. Br. at 10. Petitioner also notes that her treatment was complicated by restrictions related to the COVID-19 pandemic and her inability to receive cortisone injections due to a prior anaphylactic reaction. *Id.*

Respondent maintains that a pain and suffering award of $85,000.00 is appropriate. Opp. at 7. Respondent contends that Petitioner's injury was not as severe as those cited in support of her argument. *Id.* at 7-11. Respondent highlights the fact that Petitioner actively treated for nine months, had an excellent recovery. Further, Petitioner reported minimal pain seven months after her vaccination, and near full range of motion with good strength by nine months post vaccination. *Id.* at 7-8. Respondent cites to *Hunt* for the proposition that this case should merit a lower award that other damages cases. *Hunt v. Sec'y of Health and Hum. Servs.*, No. 19-1003V, 2022 WL 2826662 (Fed. Cl. Spec. Mstr. June 16, 2022) (awarding $95,000.00 for pain and suffering).

The evidence indicates that Ms. Cosden suffered a mild-to-moderate SIRVA injury over approximately nine months. She sought treatment soon after her vaccination, and her pain was significant (5-8/10) for approximately five months until she underwent surgery. *See* Ex. 1 at 8 (reporting pain levels of eight out of ten on April 10, 2020); Ex. 2 at 79-83 (reporting pain levels of seven out of ten on June 16, 2020). Further, her initial treatment including physical therapy was largely ineffective. Ex. 2 at 79. Additionally, Ms. Cosden was unable to have cortisone injections due to a prior reaction, limiting her options. *Id.* Petitioner's August 3, 2020, surgery was successful, and she showed improvement thereafter. Less than two months after her surgery, Petitioner reported minimal or no pain, and was 90% better by January 5, 2021. Ex. 13 at 117 (reporting on October 23, 2020, minimal pain during physical therapy session); 42 (reporting she was approximately 90% back to normal on January 5, 2021).

These factors indicate that Petitioner experienced moderate to severe pain for approximately five months, and minimal pain for an additional four months. Further, the bulk of her treatment occurred over a period of nine months, and consisted of an MRI, two rounds of physical therapy totaling 28 sessions, and surgery.

---

[5] *Dobbins v. Sec'y of Health and Hum. Servs.*, No. 16-854V, 2018 WL 4611267 (Fed. Cl. Spec. Mstr. August 15, 2018); *Nute v. Sec'y of Health & Hum. Servs.*, No. 18-140V, 2019 WL 6125008 (Fed. Cl. Sept. 6, 2019); *Randazzo v. Sec'y of Health and Hum. Servs.*, No. 18-1513V (Fed. Cl. Feb. 1, 2021); *Smith v. Sec'y of Health and Hum. Servs.*, No. 19-745V (Fed. Cl. Spec. Mstr. May 28, 2021); *Reynolds v. Sec'y of Health and Hum. Servs.*, No. 19-1108V (Fed. Cl. Spec. Mstr. July 29, 2021); *McNabb v. Sec'y of Health and Hum. Servs.*, No. 19-1945V (Fed. Cl. Spec. Mstr. June 1, 2022).

Because of the above, $85,000.00 is too low an amount for Petitioner's pain and suffering. However, I also find that $125,000.00 requested by Petitioner is too high. As Respondent correctly notes in his brief, Ms. Cosden's treatment period was relatively short, only about nine months. She also experienced a positive outcome post-surgery and recovered fairly quickly. Opp. at 9-11.

I therefore find that the $110,000.00 is appropriate compensation here. This is supported by other cases involving surgery that had similar courses of treatment and severity. *See, e.g., Wilt v. Sec'y of Health & Hum. Servs.*, No. 18-0446V, 2020 WL 1490757, at (Fed. Cl. Spec. Mstr. Feb. 24, 2020) (awarding $110,000.00 for pain and suffering); *Wylie v. Sec'y of Health & Hum. Servs.*, No. 20-1314V, 2022 WL 17968929, at *1 (Fed. Cl. Spec. Mstr. Dec. 7, 2022). For example, in *Wilt*, the petitioner underwent surgery and experienced a similar period of significant pain (six months), however the pain was consistently described as less severe (6-7 out of 10). The *Wilt* petitioner also had a good outcome post-surgery, only describing some achiness 10 months after the vaccination. Ms. Cosden experienced a slightly shorter treatment period, but also described slightly higher pain levels.

## Conclusion

I find that, for all of the reasons discussed above and based on consideration of the record as a whole, **$110,000.00 represents a fair and appropriate amount of compensation for Ms. Cosden's actual pain and suffering.**[6] **I also grant Ms. Cosden's request for $1,703.10 for past unreimbursed medical expenses.**

**Accordingly, I approve a Vaccine Program award in the total amount of $111,703.10, to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.**[7]

**IT IS SO ORDERED.**

                                                           <u>s/Brian H. Corcoran</u>
                                                           Brian H. Corcoran
                                                           Chief Special Master

---

[6] Since this amount is being awarded for actual, rather than projected, pain and suffering, no reduction to net present value is required. *See* § 15(f)(4)(A); *Childers v. Sec'y of Health & Hum. Servs.*, No. 96-0194V, 1999 WL 159844, at *1 (Fed. Cl. Spec. Mstr. Mar. 5, 1999) (citing *Youngblood v. Sec'y of Health & Hum. Servs.*, 32 F.3d 552 (Fed. Cir. 1994)).

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.