# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1783V

|  |  |
|---|---|
| LAURA COSDEN,<br><br>                 Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                 Respondent. | Chief Special Master Corcoran<br><br>Filed: August 8, 2023 |

*Bridget McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Meghan Murphy*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

      On December 7, 2020, Laura Cosden filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered from a shoulder injury related to vaccine administration as a result of a tetanus, diphtheria, and acellular pertussis vaccine administered on March 27, 2020. Petition, ECF No. 1. On February 9, 2023, I issued a decision awarding damages to Petitioner, following briefing by the parties and participation in a Motions Day hearing. ECF No. 43.

      Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $20,984.26 (representing $18,003.50 for fees and $2,980.76 for costs). Petitioner's Application for Attorneys' Fees and Costs ("Motion") filed June 6, 2023, ECF No. 51. In

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

accordance with General Order No. 9, Petitioner filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. ECF No. 50.

Respondent reacted to the motion on June 15, 2023, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 52. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

I note this case required additional briefing regarding the issue of entitlement and damages. *See* Status Report, filed Mar. 30, 2022, ECF No. 33 (reporting an impasse in damages discussions); Petitioner's Brief in Support of Damages, filed July 13, 2022, ECF No. 37; Hearing Minute Entry dated Dec. 9, 2022. Petitioner's counsel expended approximately 6.30 hours drafting the brief in support of damages. Attachment to Motion at 7. I find this amount of time to be reasonable. And the hourly rates charged by counsel are consistent with what they have received in other matters.

There is, however, one adjustment to be made. Attorney Bridget McCullough billed 2.60 hours, at her regular 2022 hourly rate of $300, for time spent traveling to and from Philadelphia and Washington, D.C., to attend the damages hearing in this matter.[3] ECF No. 51 at 7. In the Vaccine Program, however, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). Accordingly, I reduce Ms. McCullough's hourly rate for travel time to $150 per hour. This results in a reduction of attorneys' fees to be awarded of **$390.00**.[4]

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). I award a total of **$20,594.26 (representing $17,613.50 for fees and $2,980.76 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Bridget C. McCullough.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

                                                                                    s/Brian H. Corcoran
                                                                                    Brian H. Corcoran
                                                                                    Chief Special Master

---

[3] *See* billing entry dated Dec. 1, 2022 (1.30 hrs); and Dec. 13, 2022 (1.30 hrs). ECF No. 51 at 7.

[4] This amount consists of: ($300 - $150 = $150 x 2.60 = $390.00).

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.